IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVE YARN, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:12-03096 |
| HAMBURGER LAW FIRM, LLC, et al., | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

This action arises out of a soured attorney-client relationship.  Plaintiffs Steve Yarn and Yarn & Co., Inc.[1] ("Plaintiffs") filed a five-count Complaint[2] (ECF No. 2) against Defendants Hamburger Law Firm, LLC, Brian Hamburger, Robert Seco, Alan Walter, Robert Ross, and MarketCounsel[3] ("Defendants") asserting legal malpractice, breach of contract, and other claims.  Thereafter, Defendants filed an Answer and Counterclaim (ECF No. 31) for breach of contract alleging Plaintiffs failed to pay legal fees for services provided by Hamburger Law Firm, LLC.  Pending before this Court is Counter Defendants'/ Plaintiffs'[4] Preliminary Motion to Dismiss Counterclaim (ECF No. 35) for failure to state a claim upon which relief can be granted and Counter Plaintiffs/Defendants'[5] Response in

---

[1] The Complaint was filed by Steve Yarn, Karen Yarn, and Yarn & Co, Inc.  ECF No. 2. On September 24, 2013, this Court dismissed Karen Yarn from the suit.  ECF No. 29.
[2] By this Court's Order issued on September 24, 2013, this Court dismissed Count II (Intentional Misrepresentation), Count III (Negligent Misrepresentation), and Count V (Gross Negligence). ECF No. 29.  The remaining issues of the Complaint are Count I (Legal Malpractice) and Count IV (Breach of Contract). *Id.*
[3] Plaintiffs originally filed the Complaint against Michelle H. Cota, as well, but on December 3, 2012, this Court dismissed her from the suit.  ECF No. 22.
[4] Hereinafter, Counter-Defendants/Plaintiffs Yarn and Yarn & Company will be referred to as Plaintiffs.
[5] Hereinafter, Counter-Plaintiffs/Defendants Hamburg Law Firm, LLC, et al. will be referred to as Defendants.

Opposition (ECF No. 39).  This Court has reviewed the parties' submissions, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, the Plaintiffs' Motion to Dismiss Counterclaim is DENIED.

BACKGROUND

This Court accepts as true the facts alleged in Defendants' Counterclaim.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).[6]  The Counterclaim alleges that Plaintiffs discussed with independent legal counsel whether engaging Hamburger Law Firm, LLC would be in Plaintiffs' best interest.  Countercl. ¶¶ 9-11, ECF No. 31.  Then on or about January 23, 2002, Defendants and Plaintiffs entered into a contractual agreement ("Retainer Agreement").  *Id.* ¶¶ 1-5; *See also* Countercl. Ex. A, ECF No.31-1.

The Retainer Agreement specifically stated that the attorneys at Hamburger Law Firm, LLC were not admitted to the Maryland Bar and suggested Plaintiffs have the firm's work reviewed by local counsel.  *Id.* ¶¶ 12-14.  The Counterclaim alleges that Plaintiffs followed the advice of the Retainer Agreement and had local counsel, Erika E. Cole, LLC and Harold A. Young, PA, review the firm's work.  *Id.* ¶¶ 15-22.  Hamburger Law Firm, LLC proceeded to render services to the Plaintiffs and provide invoices for such services. *Id.* ¶¶ 26-27.  Plaintiffs failed to remit timely payment to Hamburger Law Firm, LLC, which Plaintiffs had a duty to do according to the Retainer Agreement.  *Id.* ¶¶ 28, 30-31.  The Retainer Agreement explicitly indicated that Hamburger Law Firm, LLC could institute legal proceedings to collect fees and costs, and if such a measure was taken, the prevailing party could collect reasonable attorney fees and other costs.  *Id.* ¶ 29.  Based on these alleged facts,

---

[6] The background facts that relate to the Plaintiffs' underlying suit against the Defendants are provided in this Court's Memorandum Opinion of September 24, 2013.  ECF No. 28.

Hamburger Law Firm, LLC alleges that Plaintiffs breached their contractual obligation to make payments for the services rendered and seeks the amount owed ($11,138.48) plus additional accrued interest, costs, and attorney fees. *Id.* ¶ 33.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as

3

facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge its claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

## ANALYSIS

Plaintiffs assert four main arguments in support of their Motion to Dismiss Counterclaim for failure to state a claim: (1) the Defendants have not pled with particularity a breach of contract claim; (2) the Defendants failed to file the Counterclaim in a timely fashion according to the statute of limitations; (3) the contract claim is barred by the

Maryland Statute of Frauds; and (4) Plaintiff Steve Yarn is not liable for any contract with Hamburger Law Firm, LLC.

**I. Failure to Plead Counterclaim with Sufficient Particularity**

Plaintiffs first attack the Counterclaim on the grounds that it is not pled with sufficient particularity. Specifically, Plaintiffs contend that in pleading a breach of contract claim Defendants must set forth the following:

> (a) what services it claims were rendered[;] (b) when it claims these services were rendered[;] (c) to whom it claims its services were rendered[;] (d) the value of the services rendered[;] (e) the dates of the allege[d] invoices[;] (f) that the services it rendered had the value for which it invoiced[;] (g) and, most critical in its silence, **the date of the nonpayment- when the cause of action for breach occurred.**

Pls.' Mot. to Dismiss Countercl. 2, ECF No. 35 (emphasis in original). In Maryland, a breach of contract claim is sufficiently pled when the pleader "alleges the existence of a contractual obligation" and a "material breach of that obligation" by the opposing party. *See RRC Ne., LLC v. BAA Md., Inc.*, 994 A.2d 430, 442 (Md. 2010) (quoting *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)). The claim must "allege with certainty and definiteness facts showing a contractual obligation." *See id* at 430 (citing *Continental Masonry Co. v. Verdal Const. Co.*, 369 A.2d 566, 569 (Md. 1977)).

Defendants have alleged a contractual obligation of payment for legal services through the Retainer Agreement attached to the Counterclaim, ECF No. 35-1, and through the facts alleged in the Counterclaim, *see* Countercl. ¶¶ 1, 2, 21, 22, 25, and 26, ECF No. 35 (stating that the agreement was formed and Defendants performed legal services). Defendants have also alleged a breach of the agreement by stating that Plaintiffs failed to pay for services rendered. *See id.* ¶¶ 30-32. These facts allow "the court to draw the reasonable

inference" that a breach of contract by the Plaintiffs is plausible. *Iqbal*, 556 U.S. at 678. As the Defendants note, they do not need to attach a complete copy of a contract to the complaint or provide specific language of the contract, but rather, they need only to provide enough information for the Plaintiffs to be able to craft a response. *See Natural Production Solutions, LLC v. Vitaquest Intern., LLC*, No. CCB-13-436, 2013 WL 3218094, at *2 (D. Md. June 24, 2013). Defendants have met the standard of pleading, and thus, the Counterclaim cannot be dismissed for failure to plead the correct particularity of a breach of contract claim.

## II. Statute of Limitations

Plaintiffs next assert that the Defendants failed to file in a timely manner according to the statute of limitations. However, the statute of limitations for compulsory counterclaims begins to run at the time of the filing of the initial complaint. *See Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380, 388 (4th Cir. 2000) ("In this circuit a compulsory counterclaim relates back to the time of the filing of the plaintiff's complaint." (citing *Burlington Indus v. Milliken & Co.*, 690 F.2d 380, 389 (4th Cir. 1982)). Thus, if Defendants' counterclaim is compulsory, Plaintiffs' argument is unavailing.

When determining if a counterclaim is mandatory or permissive, a court must weigh the following four factors:

> (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between the claim and counterclaim?

*Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988). The court need not answer each question in the affirmative, but should use the four factors as guidelines. *Id.* In this case, Defendants have asserted a counterclaim arising out of the same contract at issue in the initial Complaint. *See generally* Compl. ECF No. 2. Thus, the parties will raise the same issues of fact and use the same evidence to support and refute Plaintiffs' claim for breach of contract and Defendants' counterclaim. Furthermore, there is a logical relationship between the claim and the counterclaim. As such, this Court concludes that Defendants' counterclaim is compulsory. Because of this, the statute of limitations relates back to the date of the Plaintiffs' filing the Complaint, and the counterclaim is timely because the statute of limitations in Maryland for civil actions is three years.[7] *See* Md. Code Ann. Cts. & Jud. Proc. § 5-101 (West 2014).

Even if Defendants counterclaim was not compulsory, the statute of limitations argument would fail because Defendants state a claim for recoupment of unpaid legal fees to offset the damages sought by Plaintiffs. *See First Nat'l Bank of Louisville v. Master Auto. Serv. Corp.* 693 F.2d 308, 310 n.1 (4th Cir. 1982) ("Recoupment is the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to the plaintiff's claim." (citation omitted)). Because this is a claim for recoupment, it is not barred by the statute of limitations. *See Reiter v. Cooper*, 507 U.S. 258, 263-64 (1993) (citing *Bull v. United States*, 295

---

[7] Plaintiffs originally filed the Complaint, ECF No. 2, in the Circuit Court for Baltimore City on September 17, 2012, but Defendants removed the Complaint, ECF No. 1, to this Court on October 19, 2012 based on diversity jurisdiction. Defendants Brian Hamburger, Hamburger Law Firm, LLC, MarketCounsel, LLC, Robert K. Ross, Robert J. Seco, Alan N. Walter filed a Motion to Dismiss, ECF No. 5, for failure to state a claim on November 2, 2012. On September 24, 2013, this Court granted in part and denied in part the Motion to Dismiss. ECF No. 28. Fourteen days after this Court's order, on October 8, 2013, the Defendants filed an Answer and Counterclaim. ECF No. 31. Because Defendants complied with Rule 12(a)(4)(A), Defendants' Counterclaim is timely.

U.S. 247, 262 (1935) (holding that claims for recoupment are generally not barred by statute of limitations if the original Complaint was filed in a timely manner); *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 415 (1998) (Even if the claim would be barred as an independent claim, it can be brought as a recoupment claim so long as the plaintiff's claim was timely (citations omitted)). Because this is both a compulsory counterclaim and a claim for recoupment, the statute of limitations does not bar Defendants' Counterclaim.

### III. Statue of Frauds

Plaintiffs further argue that the Maryland Statute of Frauds makes any contract referred to in the Counterclaim unenforceable because it was not in writing. However, the enforceability of this very contract is a central element upon which the Plaintiffs rely in asserting their breach of contract claim. *See generally* Compl., ECF No. 2. In fact, Plaintiffs specifically admitted to a contractual relationship of some kind in the Complaint. Compl. ¶ 95, ECF No. 2 ("Defendants had a contractual obligation owed to the Plaintiffs to perform the structuring, compliance and advisory roles for the Plaintiffs endeavor.") This admittance likely renders the Statute of Fraud defense inapplicable because a contract that may be unenforceable by the Statute of Frauds may "nevertheless be enforceable when there is admission by opposing party that the contract was indeed formed." See *Labrecque v. Sunbird Boat Co.*, 873 F. Supp. 946, 951 (D. Md. 1994). If the contract is unenforceable for the Defendants' counterclaim—as the Plaintiffs wish to assert in order to dismiss the counterclaim—then the Plaintiffs must accept that the contract is likewise unenforceable for their claims. However, this Court declines to resolve this issue at the motion to dismiss stage because the contents and enforceability of a contract are issues of fact which cannot be

resolved until after a time of discovery.  *See Horlick v. Capital Women's Care, LLC*, 896 F. Supp. 2d 378 (D. Md. 2011) ("The construction of a contract is a question of fact which, if disputed, is not susceptible to resolution under a motion to dismiss." (citations omitted)); *see also Hearn Insulation & Improvement Co. v. Carlos Bonilla*, No. AW-09-990, 2010 WL 3069953 (D. Md. August 5, 2010) (stating that questions of whether the contract is enforceable are issues of fact which cannot be resolved under a motion to dismiss).  As previously discussed, the Defendants have sufficiently pled a breach of contract claim.  The issue of enforceability is not grounds to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## IV. Plaintiff Steve Yarn's Liability

Plaintiffs' finally argue that Plaintiff Steve Yarn is not liable for any contract with Hamburger Law Firm, LLC because he was acting as an agent for S. Dean Yarn & Company Financial.  Once again Plaintiffs are asserting arguments that are inconsistent with the facts alleged in their Complaint.  *Compare* Pls.' Mot. to Dismiss Countercl. ¶¶ 14, 16, and 17, *with* Pls.' Compl. ¶¶ 28, 46, 47, 49, and 95 (Plaintiffs deny Steve Yarn's liability to Defendants for the contract, but claim Defendants are liable to Steve Yarn for the contract).  However, if Plaintiff Steve Yarn is not an appropriate party to the Defendants' breach of contract claim, then logically, he would also not be an appropriate party to Plaintiffs' breach of contract claim.  The Court declines to make such a ruling at the motion to dismiss stage.  Defendants have alleged that Plaintiff Steve Yarn was a party to the contract, and as such, he breached the contract by not remitting payment for the services provided.  Countercl. ¶¶ 1, 28.  These assertions satisfy the pleading standard for a breach of contract claim.  Whether Plaintiff

Steve Yarn acted as an agent for the principal, Yarn & Co., and thereby shielded himself from liability is a factual issue that this Court will not resolve at the motion to dismiss stage.

## CONCLUSION

For the reasons stated above, Counter-Defendants/Plaintiffs Steve Yarn and Yarn & Co., Inc.'s Preliminary Motion to Dismiss Counterclaim (ECF No.35) is DENIED.

A separate Order follows.

Dated: June 30, 2014                                /s/
                                                    Richard D. Bennett
                                                    United States District Judge